## THE UNITED STATES v. POTTS AND OTHERS.

Round copper bottoms turned up at the edge," are not liable to duties, altho' imported under the denomination of "raised bottoms."

THIS was a case certified from the circuit court for the district of Maryland. The question upon which the judges of that court differed in opinion was,

Whether *round copper bottoms turned up at the edge* are liable to the payment of duty within the meaning of the several acts of congress.

The following facts were admitted, viz: that the defendants imported a certain quantity of round copper plates, under the denomination "*flat bottoms;*" round copper plates turned up at the edges, under the denomination of "*raised bottoms;*" and square and oblong copper plates, under the denomination of "*sheets.*" That the round copper plates, and the round copper plates turned up at the edge, are never used, nor imported for use in the form in which they are imported, although they are capable of being used, but not with convenience or advantage, in that form; but are worked up by the manufacturers in this country into vessels of use after importation. That the round copper plates, as well as the square copper plates, are cut from large sheets which are made by pressure under a roller, but are ever imported in the size or shape in which they come from the roller. That it is a great convenience and saving to the manufacturer here that the sheets of copper should come in a round rather than in a square shape, avoiding great waste by clipping and repeated heats. That all the said articles are sold and bought by weight, and the same price paid for the round plates, and the round plates turned up at the edges, as for the square or oblong plates. That the round copper plates turned up at the edge are raised at the edge from four to five inches. That copper plates of this description are sold for eighteenpence sterling per pound, and that copper wrought up into vessels or implements of any kind, are sold at two shillings and fourpence to two shillings and sixpence per pound. That there is no copper imported into this country, under the denomination of *plates;* but that the square and oblong plates, which are commonly called copper plates, and are admitted to be free of duty, are imported under the denomination of *sheets.*

*Harper,* for the defendants.

This case differs from that of the *United States* v. *Kid & Watson,* 4 *Cranch,* 1. in one circumstance only. In that case it does not appear but that the

*copper plates turned up at the edge* were imported under the denomination of *copper plates*, and the jury expressly found that they came under that description. But in the present case they were imported under the denomination of "*raised bottoms.*"

The real question is, whether these raised bottoms are to be considered as manufactured copper, or as much a raw material as plain copper plates.

The acts of congress on this subject are all to be construed together.    They are the act of *July,* 4, 1789. c. 2. *Oswald's edit. Laws U. S. vol.* 1. *p.* 21.    The act of 10*th of August,* 1790, § 1. *Laws U. S. vol.* 1. *p.* 251.    The act of *May* 2, 1792, § 2. *Laws U. S. vol.* 2. *p.* 71.    And the act of *June* 7, 1794, *Laws U. S. vol. 3. p.* 108.

*Rodney, Attorney-General.*

In the case of the *United States* v. *Kid & Watson,* the jury having found that the articles imported came under the description of *copper in plates,* there was nothing left for judicial decision.

But a question of revenue ought not to be left to the caprice, or misunderstanding of juries.    It ought not to be left to the different customs or names used in different ports of the United States. The decisions on this subject ought to be uniform, and they can only be made so by the opinion of this court.

The case was submitted without argument.

*March* 7.

MARSHALL, Ch. J. delivered the opinion of the court to the following effect:

The opinion of this court is, that *copper plates turned up at the edge* are exempt from duty, al-

though imported under the denomination of *raised bottoms.*

'It appears to have been the policy of the United States to distinguish between raw and manufactured copper. From the facts stated, the copper in question cannot be deemed manufactured copper within the intention of the legislature.

The opinion certified to the court below was, that *round copper bottoms turned up at the edge* are *not* liable to the payment of duty within the meaning of the several acts of congress.